IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KAREN DENISE LUNN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-0760-CV-W-HFS |
| D & L FARMS, INC., | ) |
| Defendant. | ) |

**ORDER**

Before the court is defendant's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1). Also, before the court is plaintiff's motion for leave to file an amended complaint.

Plaintiff, currently incarcerated at the Kansas Department of Corrections in Topeka, Kansas, instituted this action alleging defendant's negligence in the death of her son.[1] In response, defendant correctly notes that plaintiff asserts diversity of citizenship and an amount in controversy in excess of $75,000, pursuant to 28 U.S.C. 1332. However, defendant argues that inasmuch as plaintiff is a resident of Missouri, and it is a corporation conducting business in Missouri, there is no diversity of citizenship; thereby, resulting in a lack of subject matter jurisdiction.[2]

---

[1] Plaintiff alleges that on or about October 24, 2004, her son, Travis Lunn, was asphyxiated after falling into soy beans in the back of a truck, and that his death was directly caused by the negligence of defendant, its agents and employees. (Complaint: ¶¶ 5-6).

[2] Section 1332(a) provides that district courts shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and the dispute is between citizens of different states. Jones v. U.S., 305 F.Supp.2d 1200, 1208 (D.Kan. 2004). In fact, there must be complete diversity of citizenship, requiring that each defendant is a citizen of a different state from each plaintiff. Jones, 305 F.Supp.2d at 1208.

**Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. Osborn v. U.S., 918 F.2d 724, 729 n. 6 (8th Cir. 1990). In a facial challenge to jurisdiction, the court restricts its review to the pleadings and affords the non-moving party the same protections that it would receive under a Rule 12(b)(6) motion to dismiss. Id. The court presumes that all of the factual allegations in the complaint concerning jurisdiction are true and will not dismiss the claims unless the plaintiff fails to allege an essential element for subject matter jurisdiction. Id.

In a factual challenge to jurisdiction, the court may consider matters outside the pleadings and the non-moving party does not benefit from the safeguards of 12(b)(6). Id. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Osborn, at 730. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist. Id.

**Jurisdiction**

It has long been held that, for purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual. Jones v. Hadigan, 552 F.2d 249, 250 (8th Cir. 1977). With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile

2

he had prior to his incarceration. Jones, at 250. Although this rule hardened into an irrebuttable presumption, it was subsequently rejected by the Sixth Circuit in Stifel v. Hopkins, 477 F.2d 1116 (6th Cir. 1973). In Stifel, the court held that the presumption could be rebutted by a prisoner who could show facts sufficient to indicate a bona fide intention to change his domicile to the place of his incarceration. Jones, at 251.

Diversity of citizenship is ascertained at the time the complaint is filed. Jones v. U.S., 305 F.Supp.2d 1200, 1208 (D.Kan. 2004). In her complaint, plaintiff alleges that she is currently a resident of the state of Kansas. (Complaint: ¶ 1). Defendant raises a factual challenge regarding subject matter jurisdiction, and argues that plaintiff's citizenship is in Missouri where she resided prior to her arrest. In support of its argument, defendant has submitted documents indicating various Missouri addresses for plaintiff. These include an indictment for forgery filed on November 25, 2002; an arrest warrant filed on December 2, 2002; and a bond filed on December 23, 2002[3]. (Defense Ex. D). A complaint for assault in the second degree, filed on December 6, 2002, also indicates a Missouri address for plaintiff. (Defense Ex. E). Likewise, an arrest warrant for violation of probation filed on June 17, 2003, and an order of protection against plaintiff, filed on June 24, 2003, indicate Missouri addresses for plaintiff. (Defense Ex. F and G, respectively). Defendant also submits plaintiff's application for appointment of counsel dated August 5, 2003, in which she lists her address as 420 Broadway, Slater, Missouri 65349. (Defense: Ex. B). Finally, defendant submits the affidavit of its registered agent, David Kruger, who avers that after plaintiff's mother moved to Slater, plaintiff followed, and rented a home in Slater, Missouri during 2003. (Defense Ex. I).

---

[3]These documents list plaintiff's address as either 513 Clyde Street Slater, Missouri 65349, or 420 Broadway, Slater, Missouri. (Defense Exh. D).

Case 4:05-cv-00760-HFS   Document 14   Filed 01/20/06   Page 3 of 5

In opposition, plaintiff states that, in addition to her current incarceration in Kansas, she was born in Kansas, and lived most of her life there. She also claims that her surviving child lives in Kansas, as well as her sister, and she intends to remain in Kansas upon her release from prison. In support thereof, plaintiff provides her affidavit attesting to these statements, and explains that prior to October of 2001, while she was incarcerated in the state of Kansas, her mother moved to Missouri with her two children; thus, upon her release, she went to Missouri. She avers that although she was again incarcerated in the state of Kansas on October 29, 2003, all told, she spent less than two years in Missouri. She further avers that she intends to remain in Kansas, living with either her daughter or her sister[4]. Plaintiff also provides the affidavit of her daughter, Christy Bailey, who avers that she briefly lived in Missouri with her deceased brother who was subsequently buried in Kansas. Ms. Bailey also avers that she moved to Kansas in October of 2005, currently works in Kansas, and resides in Kansas with her cousin, the son of plaintiff's sister who also resides in Kansas. Ms. Bailey states her intention to continue living in Kansas with her mother upon her release.

In continued opposition, defendant provides a second affidavit by Mr. Kruger who avers that plaintiff has three brothers currently residing in Missouri, one of whom has agreed to store some of plaintiff's household furnishings. (Defense Reply Brief: Ex. A). Mr. Kruger also avers that he rents a home to plaintiff's mother in Slater, Missouri, and states his <u>belief</u> that plaintiff will reside with her mother upon her release. (Id.). Mr. Kruger repeats his earlier averment that, upon release from the correctional facility in Kansas, plaintiff is to serve time in Missouri for two earlier transgressions. Id.; <u>see also</u>, Defense Reply Brief: Ex. B).

---

[4] In response to defendant's contention that her complaint merely notes that she currently resides in Kansas, plaintiff seeks to amend her complaint to incorporate these statements. Defendant has not opposed the motion.

4

Case 4:05-cv-00760-HFS   Document 14   Filed 01/20/06   Page 4 of 5

In Jones v. Hadigan, the court held that under the Stifel rule, a prisoner must introduce more than "unsubstantiated declarations" to rebut the presumption. Jones v. Hadigan, 552 F.2d at 251. However, the court acknowledged that this standard related to the ultimate burden of proof, and found that there was a concomitant burden of pleading i.e., the complaint must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile. Id. Under the circumstances at bar, I find the amended complaint sufficiently creates a substantial question as to domicile. Osborn v. U.S., 918 F.2d at 729 (jurisdictional issues are always for the court to decide).

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss (ECF doc. 4) is DENIED. It is further

ORDERED that plaintiff's motion for leave to amend (ECF doc. 8) is GRANTED. The amended complaint, as attached to the motion, will be deemed filed.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

January 20, 2006

Kansas City, Missouri